UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON-SHAWN BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-cv-12425-LTS |
| ) | |
| BOSTON HOUSING AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

November 4, 2024

SOROKIN, D.J.

Pro se plaintiff Sharon-Shawn Bell brings this action against the Boston Housing

Authority ("BHA"), BHA Housing Specialist Joanne Winter, and BHA Commissioner Kenzie

Bok, alleging violations of the Fair Housing Act and of her constitutional rights.  Bell did not

pay the $405 filing fee or seek leave to proceed without prepayment of the fee.  For the reasons

set forth below, the Court will order Bell to resolve the filing fee and file an amended complaint.

**I.      Filing Fee**

The filing fee for commencing a non-habeas action in this Court consists of a $350

statutory fee, see 28 U.S.C. § 1914(a), and a $55 administrative fee, see District Court

Miscellaneous Fee Schedule ¶ 14, https://www.uscourts.gov/services-forms/fees/district-court-

miscellaneous-fee-schedule (last visited Oct. 31, 2024).

If a litigant cannot pay the filing fee, the litigant may ask the Court to proceed in forma

pauperis by submitting an affidavit concerning their financial status.  See 28 U.S.C. § 1915(a)(1)

The Court provides an Application for this purpose.[1]  One does not have to be "absolutely destitute" to proceed in forma pauperis.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Rather, the litigant must show she cannot pay the filing fee "and still be able to provide [her]self and dependents with the necessities of life."  Id.

If Bell wishes to proceed with this action, she must pay the $405 filing fee or seek leave to proceed in forma pauperis.

## II.    Review of the Complaint[2]

The Court has inherent authority to consider, sua sponte, whether a complaint states a claim upon which relief may be granted. However, dismissal on that basis is generally disfavored unless the plaintiff has "been afforded notice and an opportunity to amend the complaint or otherwise respond.  Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 22–23 (1st Cir. 2014) (quoting Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 14 (1st Cir.1998)).  As set forth below, Bell's complaint fails to state a claim upon which relief may be granted, but the Court will give her an opportunity to file an amended complaint.

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), which requires that a complaint include a "a short and plain statement of the

---

[1] As necessary, the litigant must supplement the Application with any additional information indicating how they are able to access the necessities of life.  For some litigants, their responses to questions in the Application will not capture this information.

[2] When a party is allowed to proceed in forma pauperis, the Court is authorized by statute to conduct a preliminary review of the complaint and dismiss any claims that are malicious or frivolous, failure to state a claim upon which relief may be granted, or seek monetary damages against a party that is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Because Bell has not filed an in forma pauperis motion, this statute is not applicable.

claim showing that the [plaintiff] is entitled to relief." The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (citation omitted)).

Although it is evident that Bell put thought into her complaint, the pleading is not "clear." Based on the statement of her claim,  in seems Bell's complaint concerns (1) the BHA's alleged "discrimination of not allowing the parking garage at dwelling to be included in HUD contracted rent," which resulted in Bell's car being towed on August 1, 2024 and her ensuing inability to assist in a family emergency; (2)  "BofA" stealing her Social Security benefit payments in 2018, leaving Bell unable to "see [her] sick grandmother nor attend her funeral w/o funds,"; and (3)  an attorney representing the BHA "illegally transferr[ing] a Superior Court lawsuit to MA Eastern Div. Housing Court."  Compl. at 4.

However, these allegations do not provide the defendants with enough notice of the claims against them or show that Bell is entitled to relief.  Bell's allegations lack adequate context, including allegations showing that the parking issue was a form of discrimination, they do not identify "BofA,, how "BofA "stole" Bell's Social Security benefits, or why the transfer of the case from Superior Court to the Housing Court was unlawful.[3]  In addition, in her prayer for relief, Bell asks that "service dog . . . fees" be included in her housing contract as a "reasonable

---

[3] The Massachusetts Housing Courts have jurisdiction over "all housing problems."  M.G.L. ch. 185 § 3.

3

accommodation." Id. at 5.  Yet, her statement of the claim does not contain any information about a request for such an accommodation.

The Court recognizes that the exhibits contain information relevant to Bell's complaint, but they are not a substitute for sufficient allegations in the body of the complaint.  It is not clear from the exhibits which information therein is pertinent to each claim.  Further, at least one exhibit seems to undermine rather support her claim.  Exhibit 1 includes a page from a HUD[4] Occupancy Handbook ("Handbook") which states that HUD Model Leases "may cover only rental of the unit and provision of services routinely provided at rental properties (e.g., parking)" and that "[o]wners and tenant must execute separate agreement for special services."  Ex. 1 at 1. There is nothing in the Handbook mandating that parking be included in a HUD lease.  Rather, the Handbook identifies parking as one of the "provision of services routinely provided at rental properties" that is acceptable (but not required) to include in a HUD Lease.

## III.    Filing of an Amended Complaint

If Bell wishes to pursue this action, she must file an amended complaint.  In the body of the amended complaint, Bell must identify the alleged misconduct of each defendant, providing sufficient non-conclusory factual allegations which, treated as true, permit the Court reasonably infer that each defendant is liable to Bell.  Bell cannot refer to the defendants collectively unless they have participated in the same alleged misconduct.  The amended complaint must clearly be titled "Amended Complaint."  The caption of the amended complaint must name all the parties, and the claims in a pleading must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(a), (b).

---

[4] "HUD" is shorthand for the Department of Housing and Urban Development.

As an amended complaint completely replaces the original complaint, Bell must include in her amended complaint any claims (including relevant factual allegations) she wishes to be part of the operative complaint—even those already set forth in her original complaint.  See Newman v. Lehman Brothers Holdings, Inc., 901 F.3d 19, 27 n.8 (1st Cir. 2018) ("An amended complaint, once filed, normally supersedes the antecedent complaint.  Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case.") (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted))).

**IV.    Conclusion**

Accordingly, the Court hereby orders:

1.    If Bell wishes to proceed with this action, she must, within twenty-eight (28) days, pay the $405 filing fee or seek leave to proceed in forma pauperis.  Failure to do so may result in dismissal of this action.

2.    If Bell wishes to proceed with this action, she must, within twenty-eight (28) days, file an amended complaint in that cures the pleading deficiencies of the original complaint and complies with other requirements set forth above.  Failure to do so may result in dismissal of this action.

SO ORDERED.

 /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE