UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON-SHAWN BELL,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BOSTON HOUSING AUTHORITY, et al.,  )<br>  )<br>Defendants.  )<br>  ) | Civil Action No. 24-cv-12425-LTS |

ORDER

December 19, 2025

SOROKIN, D.J.

For the reasons set forth below, the Court DISMISSES this action.

On September 9, 2024, pro se plaintiff Sharon-Shawn Bell filed a complaint against the Boston Housing Authority ("BHA"), BHA Housing Specialist Joanne Winter, and BHA Commissioner Kenzie Bok, alleging violations of the Fair Housing Act and of her constitutional rights.  ECF No. 1.  In an order dated November 4, 2024, the Court ordered Bell to file an amended complaint within twenty-eight days.  ECF No. 3.  The Court found that her original complaint failed to state a claim upon which relief could be granted because it did not provide the defendants adequate notice of the claims against them.  The Court also noted that an exhibit attached to the complaint undermined her claim that a parking spot should have been included in her HUD housing contract.  In addition, the Court ordered Bell to pay the $405 filing fee or file a motion for leave to proceed in forma pauperis.

On December 10, 2024 the Court dismissed this action because there was no record on the docket that Bell had submitted any response to the Court's November 4, 2024 order. ECF No. 5. Bell subsequently filed a motion to reopen. ECF No. 8. Thereafter, the Court allowed her to proceed in forma pauperis and directed her to file an amended complaint. ECF No. 11. On April 29, 2025, Bell filed an amended complaint against BHA and Winter. ECF No. 14.

Upon review of the amended complaint, the Court finds that the pleading fails to state a claim upon which relief may be granted. Bell claims that Winter, who is a Housing Specialist for the BHA, is liable to her because Winter failed to ensure that Bell's HUD housing lease include a clause providing Bell a parking spot in an underground garage.[1] Bell claims that the parking spot was necessary to accommodate her disability. Bell alleges that Winter's failure to include such provision does not comply with the HUD Occupancy Handbook. Bell provides a screenshot of what she identifies as the HUD Occupancy Handbook. This document states that one of the "Key Requirements" of a "HUD Model Lease" is that it may "only cover rental of the unit and provision of services routinely provided at rental properties (e.g., parking)." Amend. Compl. at 4 (emphasis added). This provision means that, if a property owner does not routinely include a parking space in a lease agreement, it is prohibited to include parking in the HUD Model Lease. Bell does not allege that parking was routinely included in the lease agreement without any extra fee for other residents.

Bell also alleges that Winter failed to complete an inspection of the property to ensure that it complied with sanitation requirements. Federal regulations do require that HUD-subsidized housing units be "functionally adequate, operable, and free of health and safety hazards." 24 C.F.R. 5.703(a). The regulations task the local Public Housing Agency ("PHA")

---

[1] "HUD" is shorthand for the Department of Housing and Urban Development.

with conducting inspections of housing funded by HUD's Project-Based and Housing Choice Voucher programs. 24 C.F.R.§ 5.705(b)(2). However, no one, "other than HUD or a PHA," may "require enforcement of the [inspection] standards . . . or . . . assert any claim against HUD or the PHA for damages, injunction, or other relief for alleged failure to enforce the standards." 24 C.F.R. § 5.713. In other words, Bell cannot bring a claim for the BHA's alleged failure to inspect the HUD housing at issue in this lawsuit.

      Accordingly, the case is DISMISSED with prejudice. The summonses are WITHDRAWN, and the defendants are not required to respond to the amended complaint. Bell shall not make any explicit or implicit representations to the defendants that this action remains pending.

      SO ORDERED.

                                      /s/ Leo T. Sorokin
                                    UNITED STATES DISTRICT JUDGE